IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-CV-170-MR-WCM

| | |
|---|---|
| NOC PROPERTIES, LLC;<br>NANTAHALA OUTDOOR CENTER, LLC<br>NOC ADVENTURE, LLC;<br>NOC RETAIL, LLC;<br>DUKE ENERGY CAROLINAS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br><br>GREAT SMOKY MOUNTAINS<br>RAILROAD, LLC;<br>U.S. DEPARTMENT OF AGRICULTURE;<br>U.S. FOREST SERVICE;<br>N.C. DEPARTMENT OF TRANSPORTATION;<br>SWAIN COUNTY,<br><br>Defendants. | **MEMORANDUM AND<br>RECOMMENDATION** |

This matter is before the Court on the following:

1) Defendant North Carolina Department of Transportation's Motion to Dismiss (Doc. 11);

2) Defendant Swain County's Motion to Dismiss (Doc. 15);

3) Plaintiffs' Motion to Modify the Swain County Court's April 1, 2021 Order (Doc. 17); and

4) Plaintiffs' Second Motion to Modify the Swain County Court's April 1, 2021 Order (Doc. 24).

The Motions to Dismiss have been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation. Because the Motions to

Modify are closely interrelated, as described below, recommendations are also made as to the disposition of those filings.

I. Background

A. Relevant Procedural History

In October of 2020, Nantahala Outdoor Center, LLC; Nantahala Properties, LLC; NOC Adventure, LLC; and NOC Retail, LLC (collectively the "NOC Parties") commenced this action in the Superior Court of Swain County against the Great Smoky Mountains Railroad, LLC ("Railroad").

In response, the Railroad filed Motions to Dismiss, an Answer, and Counterclaims. Doc. 3-9. Through one of its motions to dismiss, the Railroad argued that the NOC Parties were seeking to establish property rights in which third parties had an interest and that, because those necessary third parties had not been joined, the Complaint should be dismissed. Id. at 2.

On April 1, 2021, the Superior Court of Swain County concluded that the North Carolina Department of Transportation ("NCDOT"); Swain County; the U.S. Department of Agriculture (Forest Service); Duke Energy Carolinas, LLC ("Duke Energy"); and the Appalachian Trail Conservancy were necessary parties to the case. Consequently, the Superior Court directed the NOC Parties to join these additional parties either by way of an amended complaint or

through the filing of a new action (the "April 1, 2021 Order," Doc. 3-14).[1]

On June 1, 2021, the Superior Court, upon stipulation of the parties, modified the April 1, 2021 Order and removed the Appalachian Trail Conservancy from the list of necessary parties. Doc. 6-9.

That same day, a First Amended Complaint ("Amended Complaint") was filed by the NOC Parties and Duke Energy. The NOC Parties and Duke Energy are referred to together as "Plaintiffs." The Railroad was shown in the Amended Complaint as being the sole Defendant, and "the United States Department of Agriculture, Forest Service; the North Carolina Department of Transportation; and Swain County" were shown as being "additional defendants named as necessary parties." Doc. 1-1.

The Amended Complaint is the operative complaint in this action.

On July 1, 2021, the United States Department of Agriculture, Forest Service ("Forest Service") removed the case to this Court. Doc. 1.

On July 30, 2021, the Railroad filed its "Motions to Dismiss, Answer to Amended Complaint, and Counterclaim." Doc. 9.[2] The NOC Parties later answered the Railroad's counterclaims and the Forest Service answered

---

[1] During the hearing before the undersigned, all counsel confirmed that neither the NCDOT nor Swain County appeared or made arguments regarding the joinder of these parties while the matter was pending in state court.

[2] The Railroad's counterclaims are asserted only against the NOC Parties. See Doc. 9 at 10 ("The Railroad does not assert any counterclaims against Plaintiff Duke Energy Carolinas, LLC").

Plaintiffs' Amended Complaint. Docs. 18, 19.

On August 2, 2021, the NCDOT filed a Motion to Dismiss and a supporting memorandum ("NCDOT's Motion to Dismiss"). Docs. 11 & 12. Plaintiffs later responded. Doc. 16.

On August 16, 2021, Swain County filed Motions to Dismiss and a supporting memorandum ("Swain County's Motion to Dismiss"). Docs. 15 & 15-1. Plaintiffs likewise responded to that filing. Doc. 23.

Also on August 16, 2021, Plaintiffs filed a Motion to Modify the Swain County Court's April 1, 2021 Order ("Plaintiffs' First Motion to Modify") with a supporting memorandum. Docs. 17 & 17-1.

On August 30, 2021, Plaintiffs filed a Second Motion to Modify the Swain County Court's April 1, 2021 Order ("Plaintiffs' Second Motion to Modify") with a supporting memorandum. Docs. 24 & 25.

The Railroad filed a unified response to Plaintiffs' First and Second Motions to Modify, and Plaintiffs replied. Docs. 27, 28.

On November 12, 2021, the undersigned conducted a hearing on the pending motions.[3]

---

[3] At the outset of the hearing, the undersigned noted that portions of an exhibit (Exhibit FF) to the Amended Complaint reference litigation that was conducted between the County of Jackson and the Railroad in state court in 1999 and 2000, and that members of the law firm of which the undersigned was previously a member had represented the Railroad in that matter. Following a recess, counsel for Plaintiffs reported on behalf of all counsel that no party objected to the undersigned proceeding

### B. Claims for Declaratory Judgment

This case centers on disputes regarding the rights to use and maintain certain railroad crossings. In summary, Plaintiffs allege that the Railroad is a scenic tourist railroad company that owns and operates approximately fifty-two (52) miles of rail corridor, portions of which run through or along property owned by the NOC Parties. Duke Energy holds utility easements across certain property owned by the NOC Parties. One of the crossings is located on property owned by the Forest Service.

Plaintiffs allege that they have rights in and over these crossings and that the Railroad has taken improper unilateral action to close several crossings and now threatens to close additional crossings.

Plaintiffs' Amended Complaint includes claims for declaratory relief under North Carolina law, trespass, interference with property, and inverse condemnation. Specifically pertinent to the instant motions are Count I, which is Plaintiffs' claim for a declaratory judgment regarding the West Hellards Crossings against the Railroad (and "affecting the NCDOT and Swain County"); Count II, which is Plaintiffs' claim for a declaratory judgment

---

to hear arguments on the pending motions. In addition, the undersigned provided all counsel with seven days within which to confer with their clients and to make any filings or assert any objections they deemed necessary with respect to this issue. That period has passed, and no objections have been filed. Accordingly, and as otherwise stated on the record during the hearing, the undersigned concludes that recusal is not required, and the pending motions may properly be considered.

regarding the East Hellards Crossing against the Railroad (and "affecting the Forest Service, Swain County and the NCDOT"); and Count III, which is Plaintiffs' claim for a declaratory judgment regarding the Lake Fontana Crossing against the Railroad (and "affecting the Forest Service, Swain County, and the NCDOT").

## II. Discussion

### A. Motions to Dismiss by the NCDOT and Swain County

In its Motion to Dismiss, the NCDOT argued that service had not been effected properly, that the Court lacked jurisdiction over the NCDOT pursuant to the state law doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution, and that the Amended Complaint otherwise did not state any claim against the NCDOT. Doc. 11. On the day of the hearing, proof of service was submitted (Doc. 29) and, therefore, during the hearing, the NCDOT acknowledged that its service argument had become moot. The NCDOT also conceded that sovereign immunity would not bar a claim for declaratory relief.

In its Motion to Dismiss, Swain County argued that the doctrine of governmental immunity prevented the exercise of jurisdiction over Swain County, that the Amended Complaint did not include an allegation that governmental immunity had been waived, and that no conflict or controversy existed between Swain County and Plaintiffs. Doc. 15. At the hearing, counsel

for Swain County conceded that a defense of governmental immunity would not apply to claims for declaratory relief.

In short, while the NCDOT and Swain County have abandoned some arguments, these parties continue to contend that Plaintiffs' Amended Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim against them. See Doc. 11 at 2; Doc. 15 at 1-2.

Under N.C. Gen. Stat. §§ 1–253 and 1–254, "a declaratory judgment should issue (1) when it will serve a useful purpose in clarifying and settling the legal relations at issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding." See also Southern Concrete Prod., Inc. v. ARCO Design/Build, Inc., No. 1:11cv194, 2012 WL 1067906, at *4 (W.D.N.C. Mar. 29, 2012) (quoting N.C. Gen. Stat. §§ 1–253 and 1–254).

Although a motion to dismiss is "seldom an appropriate pleading in actions for declaratory judgments," such a motion may be allowed "'when the record clearly shows that there is no basis for declaratory relief as when the complaint does not allege an actual, genuine existing controversy.'" Town of Apex v. Rubin, No. COA20-305, 277 N.C. App. 357, 858 S.E.2d 364, 370 (2021) (quoting N.C. Consumers Power, Inc. v. Duke Power Co., 285 N.C. 434, 439, 206 S.E.2d 178, 182 (1974) (citations omitted)).

7

When considering whether an "actual controversy" exists, the court must "be convinced that the litigation appears to be unavoidable." Id. (quoting N.C. Consumers Power, 285 N.C. 434, 450, 206 S.E.2d, 178, 189).

If, in the context of a claim for declaratory judgment under the North Carolina Uniform Declaratory Judgment Act, the complaint fails to "demonstrate 'the existence of an actual controversy,'" then subject matter jurisdiction will be lacking. Southern Concrete, 2012 WL 1067906 at *4 (quoting State ex rel. Utilities Comm'n v. Carolina Water Serv., Inc., 149 N.C.App. 656, 658, 562 S.E.2d 60, 62 (2002) (citations omitted)); see also Gaston Bd. of Realtors, Inc. v. Harrison, 311 N.C. 230, 234, 316 S.E.2d 59, 61 (1984) (explaining that "an actual controversy is a 'jurisdictional prerequisite' for a proceeding under the Declaratory Judgment Act") (citations omitted)).[4]

In this case, the NCDOT and Swain County, through counsel, state explicitly that they have no legal or equitable interest in the subject crossings. Similarly, Plaintiffs argue that there is no active case or controversy between

---

[4] The North Carolina Supreme Court has stated that a claim for declaratory relief that fails to identify an actual controversy may be dismissed pursuant to Rule 12(b)(6). Gaston Bd. of Realtors, Inc. v. Harrison, 311 N.C. 230, 234 & 235, 316 S.E.2d 59, 61 & 62 (1984) ("[w]hen the record shows that there is no basis for declaratory relief, or the complaint does not allege an actual, genuine existing controversy, a motion for dismissal under G.S. 1A-1, Rule 12(b)(6) will be granted") (citations omitted). Some federal courts considering claims pursuant to the Federal Declaratory Judgment Act have analyzed the "actual controversy" requirement pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. See e.g., Rhoades v. Avon Products, Inc., 504 F.3d 1151, 1157 (9th Cir. 2007).

them and the NCDOT or Swain County and advise that these parties have been named in the Amended Complaint solely in obedience to the April 1, 2021 Order. See Doc. 16 at 2; Doc. 23 at 2. Further, Plaintiffs are seeking a declaration of their rights in the crossings only as against the Railroad.

In contrast, the Railroad argues that, based on the available record at this time, Swain County and the NCDOT do have an interest in this matter and that although the Railroad believes statements in the Amended Complaint alleging that several of the subject crossings are "public roads" are incorrect, since those allegations appear in Plaintiffs' pleading, they should be taken as true and interpreted as supporting the inclusion of Swain County and the NCDOT as parties. See Doc. 27 at 2.

In reply, Plaintiffs acknowledge that they have alleged that the crossings are "public roads," but contend that these allegations, by themselves, do not require the involvement of either the NCDOT or Swain County, since a road may be a "public road" even if it is not maintained by the NCDOT or the county in which the road lies. Doc. 28 at 6-8. During the hearing, the NCDOT agreed with Plaintiffs' position that not all "public roads" are state owned and maintained.

During the hearing, the Railroad also argued that Exhibit I to the Amended Complaint, which is entitled Tennessee Valley Authority Transfer of Certain Property in Swain County, North Carolina from United States of

America to Southern Railway Company ("Transfer of Property," Doc. 2-9), indicates that both the State of North Carolina (now through the NCDOT) and Swain County have an interest in certain crossings. One provision of that lengthy document states that "[t]he parcels of land and the easements and rights-of-way transferred under this deed are conveyed subject to such rights as may be vested in the State of North Carolina and Swain County to rights-of-way for public roads…." Id. at 23.

The undersigned does not read this information as indicating that either the NCDOT or Swain County have interests in the subject crossings sufficient to overcome the unequivocal and express statements of counsel such that a declaratory judgment should be entered as to any such interests, if they in fact exist.[5]

In sum, the undersigned is not persuaded that an actual controversy exists as between the NCDOT and Swain County on the one hand and Plaintiffs on the other.

Accordingly, the undersigned will recommend that the NCDOT's Motion to Dismiss and Swain County's Motion to Dismiss be granted and that Plaintiffs' claims against these parties be dismissed without prejudice. See

---

[5] Though the Railroad argues that the Court should give more weight to the title record than the statements of counsel for these parties, the undersigned is nonetheless entitled to rely, and does rely, on the statements of the attorneys, who themselves are bound by the applicable ethics rules.

Southern Concrete, 2012 WL 1067906, at *5 (W.D.N.C. Mar. 29, 2012) (granting motion to dismiss after concluding that complaint failed to show a controversy sufficient to provide the court with subject matter jurisdiction over declaratory judgment claim); Southern Walk at Broadlands Homeowner's Association, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits"); accord City of Charleston v. Boggess, No. 2:12-CV-00225, 2012 WL 3925879, at *1 (S.D.W. Va. Sept. 7, 2012) (granting motion to dismiss and finding that, because there was no "case of actual controversy" as required by the Declaratory Judgment Act, 28 U.S.C. § 2201, the court lacked subject matter jurisdiction).

### B. Plaintiffs' First and Second Motions to Modify

Though styled as Motions to Amend, Plaintiffs' First and Second Motions to Modify ask the Court to revisit and amend the state court's determination, as set out in the April 1, 2021 Order, that the NCDOT and Swain County are necessary parties to this litigation. Plaintiffs argue that now that the NCDOT and Swain County have entered the case, it has become clear that they are not necessary parties, as shown in part by their Motions to Dismiss.

The Railroad takes a contrary position, as discussed above.[6]

As stated above, the NCDOT and Swain County state that they have no legal or equitable interest in any of the subject crossings.

When a case is removed to federal court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Consequently, as one court in this district has observed, "[a] prior state order in essence is federalized when the action is removed to federal court, although the order remains subject to reconsideration just as it had been prior to removal." Ragucci v. Blue Cross and Blue Shield of North Carolina, No. 2:93CV297, 1994 WL 218235, at *1 (W.D.N.C. Jan. 7, 1994) (quoting Resolution Trust Corp. v. Northpark Joint Venture, 958 F.2d 1313, 1316 (5th Cir. 1992) (internal quotations omitted) (quoting Nissho–Iwai American Corp. v. Kline, 845 F.2d 1300, 1303 (5th Cir.1988)). "The standard of review is the same as if the federal court itself had entered the order." Id. (citing Resolution Trust Corp., 958 F.2d at 1316).

Thus, a state court judgment or final order may be vacated by a federal court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Ragucci, 1994 WL 218235, at *1; see also Baytree Assocs., Inc. v. Dantzler, Inc., No.

---

[6] In its briefing, the Railroad also contends that the First and Second Motions to Modify are premature.

3:07CV16-FDW, 2008 WL 2182202, at *2 (W.D.N.C. May 22, 2008) (quoting Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991) ("Rule 60(b) applies strictly to final judgments and orders, not interlocutory orders" and the "Fourth Circuit has held, 'Rule 60(b) affords relief only from a judgment, order, or proceeding which is *final*") (emphasis in original))).

Alternatively, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" may be revised at any time before final judgment. See also Laney v. Schneider National Carriers, Inc., 259 F.R.D. 562, 564 (N.D. Ok. 2009) ("a federal court is free to reconsider a state court order and to treat the order as it would any interlocutory order it might itself have entered") (citing Nissho–Iwai, 845 F.2d at 1303); Fayetteville Investors, 936 F.2d at 1469 ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment"); Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge").

In this case, the parties have not discussed what standard should apply with regard to Plaintiff's First and Second Motions to Modify. A substantive analysis under either standard is unnecessary, though, as the undersigned is

13

persuaded that the Motions to Dismiss should be considered first and allowed, as discussed above.

Accordingly, the undersigned will also recommend that Plaintiffs' First and Second Motions to Modify be denied as moot. See Leggett v. United States, No. CV 08-0401-KD-C, 2009 WL 1635925, at *1 (S.D. Ala. June 9, 2009) (granting motion to dismiss by party added as a necessary party and denying a separate motion seeking to reconsider/vacate previous joinder order as moot).

### III. Recommendation

For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that:

1. Defendant North Carolina Department of Transportation's Motion to Dismiss (Doc. 11) and Defendant Swain County's Motion to Dismiss (Doc. 15) be **GRANTED**, and that the claims against the NCDOT and Swain County be **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiffs' Motion to Modify the Swain County Court's April 1, 2021 Order (Doc. 17) and Plaintiffs' Second Motion to Modify the Swain County Court's April 1, 2021 Order (Doc. 24) be **DENIED AS MOOT**.

Signed: December 14, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140